IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 16, 2005

## STATE OF TENNESSEE v. RONALD LYNN CHATMAN

**Direct Appeal from the Circuit Court for Robertson County**
**No. 01-0494      Michael R. Jones, Judge**

_____

**No. M2003-00806-CCA-R3-CD - Filed April 19, 2005**

_____

DAVID G. HAYES, J., separate concurring.


The majority concludes that application of enhancing factor (21), adjudication of a delinquent act by a juvenile which would constitute a felony if committed by an adult, is inapplicable in this case under the holding of *Blakely*. I respectfully disagree. The decision in *Blakely v. Washington*, 124 S. Ct. 2531, 2536-37 (2004), applied *Apprendi*, which recognized the *Almendarez-Torres* holding permitting sentencing enhancement based upon a prior guilty plea, as opposed to the necessity of a jury conviction, because guilty pleas are "entered pursuant to proceedings with substantial procedural safeguards of their own." *Apprendi v. New Jersey*, 120 S. Ct. 2348, 2361 (2000). Similarly, I find that juvenile adjudications in this state are entered pursuant to proceedings with substantial procedural safeguards and constitutional protections of their own. A panel of this court recently concluded that enhancement factor (21) is not implicated under *Blakely*. The panel reasoned:

> The constitutional protections of due process and a finding that the delinquent charge has been proven beyond a reasonable doubt, as required by *United States v. Almendarez-Torres*, 512 U.S. 224, 243, 118 S. Ct 1219, 1230 (1998), are integral to an adjudication of delinquency in this state. *State v. Strickland*, 532 S.W.2d 912, 921 (Tenn. 1975); Tenn. Code Ann. § 37-1-129(b) (2003); Tenn. R. Juv. P. 28(d)(2).

*State v. Cornelius Boales*, No. W2003-02724-CCA-R3-CD (Tenn. Crim. App. at Jackson, Mar. 3, 2005).

The question, as I perceive it, is not whether a juvenile adjudication constitutes a criminal conviction, but whether the adjudication process was afforded constitutional and procedural safeguards. Subscribing to the view that these safeguards were afforded, I find enhancing factor (21) applicable in this case. In all other respects, I concur.


_____
David G. Hayes, Judge